HARRIS, J.
After several attempts, plaintiffs previous lawyer was unable to sustain a complaint against defendant based on a negligence claim that the nursing home failed to “reconnect” a feeding tube pursuant to doctor’s orders, causing the death of one of its patients. A new attorney appeared for plaintiff at the motion to dismiss and asked to amend the complaint once again in an effort to avoid the consequence of plaintiffs failure to comply with conditions precedent set out in Chapter 766 dealing with the alleged malpractice of certain medical providers. The trial court denied the motion to again amend and dismissed the action with prejudice.
Although we understand the discretion of the trial court when numerous attempts to amend have proved unsuccessful, in this case where plaintiffs lawyer was himself having problems which distracted him from properly representing plaintiff,[1] where two of the amendments pertained to identification of the plaintiff, not the cause of action, where plaintiff had obtained new counsel and petitioned to amend before dismissal, and where defendant has faded to show prejudice, we believe the court abused its discretion in dismissing the complaint with prejudice.
Whether plaintiff can avoid the consequence of failing to give notice pursuant to Chapter 766 remains to be seen. We merely hold that one final effort should be permitted.
REVERSED and REMANDED for further action consistent with this opinion.
PETERSON and GRIFFIN, JJ., concur.

. See Durie v. State, 751 So.2d 685 (Fla. 5th DCA 2000) (affirming Durie’s conviction for grand theft based on his fraudulent manipulation of a settlement designed to deceive Medicaid). See also The Florida Bar v. Durie, 729 So.2d 919 (Fla.1999) (suspension); The Florida Bar v. Durie, 707 So.2d 1127 (Fla.1998) (reprimanded).